# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
### COURT FILE NO.: _____

| | |
|---|---|
| Michael Cherian, <br><br>          Plaintiff, <br><br> v. <br><br> Como Law Firm, P.A. <br> and Andrew Hanson, <br><br>          Defendants. | **COMPLAINT** <br><br><br> **JURY TRIAL DEMANDED** |

## JURISDICTION

1.      Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2.      This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") in their illegal efforts to collect a consumer debt from Plaintiff.

3.      Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

## PARTIES

4.      Plaintiff Michael Cherian is a natural person who resides in the City of Minnetonka, County of Hennepin, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5.      Defendant Como Law Firm, PA (hereinafter "Defendant Como") is a law firm and a collection agency operating from an address of 1543 Como Ave #102, Saint Paul, Minnesota 55108 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

6.      Defendant Andrew Hanson (hereinafter "Defendant Hanson") is a natural person who was employed at all times relevant herein by Defendant Como as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

7.      On or around 2007, Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, an apartment lease debt in the approximate amount of $1,793.75, which was used by Plaintiff for personal, family and household purposes.

8.      Sometime thereafter, the debts were consigned, placed or otherwise transferred to Defendants for collection from Plaintiff.

### *Client Disputes Debt*

9.      On or about March 3, 2008, Defendant Como contacted Plaintiff by the transmittal of a collection letter in an effort to collect this debt, which was a

"communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

10.   In response, on or about March 25, 2008, Plaintiff sent Defendants a letter in which he disputed this debt and refused to pay it.

11.   Plaintiff also instructed Defendants not to contact him by telephone again.

### *Illegal Collection Calls in 2010*

12.   Despite having been previously warned not to call him on the telephone and that he refused to pay this debt, Defendant Hanson called Plaintiff a minimum of five times in an attempt to collect this debt between approximately January 22, 2010, and January 28, 2010.

13.   In his collection communications, Defendant Hanson also failed to provide Plaintiff with the notices required by 15 U.S.C. § 1692e(11), namely, by failing to advise Plaintiff that he was a debt collector or that he was attempting to collect a debt.

14.   All of the above-described collection communications to Plaintiff made by Defendants were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692c(a)(1), 1692c(c), 1692d, 1692e, 1692e(2), 1692e(5), 1692e(10), 1692e(11), and 1692f, amongst others.

### *Summary*

15.   All of the above-described collection communications to Plaintiff made by these Defendants were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692c(a)(1), 1692c(c), 1692d, 1692e, 1692e(2), 1692e(5), 1692e(10), 1692e(11), and 1692f, amongst others.

16.   During their collection communications, Defendants failed to provide Plaintiff with the notices required by 15 U.S.C. § 1692e(11), in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e, 1692e(2), 1692e(5), 1692e(10), 1692e(11), and 1692f, amongst others.

### *Respondeat Superior Liability*

17.   The acts and omissions of Defendant Hanson as further described herein were committed within the time and space limits of his agency relationship with his principal, Defendant Como.

18.   The acts and omissions by Defendant Hanson were incidental to, or of the same general nature as, the responsibilities Defendant Hanson was authorized to perform by Defendant Como in collecting consumer debts.

19.   By committing these acts and omissions against Plaintiff, Defendant Hanson was motivated to benefit his principal, Defendant Como.

20.     Defendant Como is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees including but not limited to violations of the FDCPA in their attempts to collect this alleged debt from Plaintiff.

## TRIAL BY JURY

21.     Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.  US Const. amend. 7.  Fed.R.Civ.P. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

22.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

23.     The foregoing acts and omissions of each and every Defendant and their agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to this Plaintiff.

24.     As a result of each and every Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory

damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from each and every Defendant herein.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays judgment be entered as follows:

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant and for Plaintiff; and

- for such other and further relief as may be just and proper.

Respectfully submitted,

Dated: June 25, 2010                **BARRY & SLADE, LLC**

By:  **s/Peter F. Barry**
Peter F. Barry, Esq.
Attorney I.D.#0266577
2021 East Hennepin Avenue, Suite 195

Minneapolis, Minnesota 55413-1773
Telephone:  (612) 379-8800
Facsimile: (612) 379-8810
pbarry@lawpoint.com

pfb/ra                                   **Attorney for Plaintiff**

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF MINNESOTA        )
                               ) ss

COUNTY OF HENNEPIN      )

Plaintiff Michael Cherian, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Michael Cherian

Subscribed and sworn to before me
this 25th day of June, 2010.

Notary Public

PETER FRANCIS BARRY
Notary Public-Minnesota
My Commission Expires Jan 31, 2015

-8-